**Bobby F. WALKER**

v.

**SINCLAIR REFINING COMPANY,**
**Appellant.**

**No. 17327.**

United States Court of Appeals
Third Circuit.

Argued Dec. 17, 1968.

Decided Jan. 21, 1969.

------

E. Alfred Smith, Krusen, Evans & Byrne, Philadelphia, Pa. (Timothy J. Mahoney, Philadelphia, Pa., on the brief), for appellant.

Edwin E. Naythons, Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The defendant has appealed from the District Court's denial of its motion for summary judgment in a Jones Act [1] case which involved a land-based injury to a seaman. In denying summary judgment, the memorandum opinion of the District Court concluded that "the policy favoring jury consideration of situations such as the one before us militates against deciding any but the clearest of cases on a motion for summary judgment."

■ Notwithstanding this conclusion which followed a suggestion of two possible theories [2] which might conceivably suggest a prima facie case for plaintiff, the matter was certified to us by the District Court under 28 U.S.C.A. 1292(b) [3] on motion of the defendant. We permitted the appeal.

■ Following oral argument and a consideration of the briefs, however, we are no longer certain that the appeal does involve clearly defined "controlling question(s) of law" within the meaning of 28 U.S.C.A. § 1292(b). Moreover, there is some uncertainty as to the precise refinement of the theories of liability being advanced [4] and we are not convinced of the absence of a genuine issue of material facts in this case.

Accordingly, the appeal will be dismissed.

1. 46 U.S.C.A. § 688. "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law * * *."

2. A. Because the shipowner owes his crew the duty to exercise reasonable care to furnish a safe place to work, this duty may possibly extend to a situation where a seaman, on his way ashore to sign foreign articles at the home of a United States Commissioner in Puerto Rico, trips over a log in a dirt street. B. A shipowner may possibly be subjected to liability for complications resulting from a pulmonary embolism experienced in a United States Public Health charter hospital in Puerto Rico to which the seaman had been sent by the master of his ship.

3. 28 U.S.C.A. 1292(b) provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

4. E. g., it appears that plaintiff intends now to rely on the additional ground that there may be liability because the ship's master "refused to conform to customs and practices known throughout the maritime field" in requiring his seamen to go ashore to sign foreign articles instead of having the Commissioner of the United States come to the vessel so that the crew could sign aboard ship.